### H. J. AGNEW *vs.* JOHN RICHARDSON.

EXCEPTIONS FROM SECOND CIRCUIT.

JANUARY TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.　FORNANDER, J., absent.

In an action on a promissory note given in part payment for a horse, which was afterwards shot, being affected with glanders, the defendant offered the testimony of himself and another, as to conversations and statements made by and between plaintiff and defendant, at the time of making the bargain of sale, which evidence was admitted; but

The presiding Justice held that such evidence was not admissible to show a special warranty, in face of the contract, put in, or to show negative deceit or legal fraud:

Held, that such ruling was correct, and also

Held, that if the defendant insists on fraud as a defense to a bill or note, he must altogether repudiate the contract and retain no benefit under it, and that the exceptions must be overruled.

OPINION OF THE COURT, BY PRESTON, J.

This case comes before the Court on the following bill of exceptions taken by the defendant at the trial in last July Term before the Chief Justice.

" This case is a suit upon a promissory note given by the defendant to plaintiff in part payment for a horse sold by plaintiff to the defendant.

" The defendant plead a general denial to the declaration.

"The defendant offered evidence, tending to show that the horse had glanders, prior to, at the time of, and subsequent to the sale, and finally died of it.

"The horse was sold by written bill of sale containing no express warranty.

"Defendant offered the evidence of John Richardson and Manuel Ross as to conversations and statements made by and between plaintiff and defendant at the time of making the bargain of sale.          .

"The Court ruled that this evidence was not admissible to show a special warranty, or to show negative deceit or legal fraud ; to which the defendant's counsel duly excepted.

"The jury rendered a verdict for the plaintiff, to which verdict the defendant duly excepted as against the law and the evidence."

It appeared from the testimony at the trial, that the plaintiff and defendant had been in negotiation for the sale and purchase of the horse in question some time previous to the actual sale, but the negotiation had been closed by the defendant declining to complete.

The plaintiff then sent the horse to Wailuku, Island of Maui, where the defendant resided and kept a livery stable; the horse was kept at such stable for stud purposes, and after the sale the horse covered five mares belonging to the defendant; the mares had colts which were alive and running with their mothers at the time of the trial.

The defendant came to Honolulu in the month of April, 1883, and again entered into negotiations with the plaintiff for the purchase of the horse, which resulted in a sale being effected, and the following bill of sale was given by the plaintiff :

"$1100.                            HONOLULU, May 1, 1883.

"This is to certify that I have this day sold to John Richardson of Wailuku, Maui, my black stallion known as 'Blackbird' at present on the Island of Maui, for and in consideration of his notes drawn in my favor at three, six, nine and twelve months, amounting in all to eleven hundred dollars, and in which amount includes an open buggy, three spring, made by

M. T. Holmes of San Francisco. Also one set of single buggy harness now in use with 'Blackbird' on Maui."

The horse remained in defendant's possession until the latter end of 1885, when it was shot, being then badly affected with glanders, which disease, it was contended on behalf of the defendant, existed at the time of sale.

The evidence, the subject of the exceptions, is as follows:

The defendant testified: "I noticed the horse in the stables, he had running at the nostrils whenever I saw him. I lived in another part of the town. At the time of the final negotiations I told Agnew the horse had running at the nose, and that he was sick. He said the horse had nothing more than a simple cold, caught on the voyage, (*i.e.* to Maui), that was all said about horse's health."

Manuel Ross testified: "I heard the conversation between Agnew and Richardson at the time of sale. Richardson said horse was sick. Agnew said it was not. Richardson said it had a discharge from the nose. Agnew said it must have caught cold going up on the steamer."

This evidence was admitted against the objection of the plaintiff.

The presiding Justice instructed the jury (*inter alia*) that if they found the horse was diseased with glanders at the time of sale, and that thereby the horse was of no value, they should find for the defendant, but held that the evidence before set out was not admissible to show a special warranty in the face of the contract put in, or to show negative deceit or legal fraud.

Counsel for the defendant contends that the said evidence was admissible to prove a false representation made by the plaintiff to the defendant at the time of the sale, and false within the plaintiff's knowledge, or that if the plaintiff did not know the state of the horse's health at the time, yet he took upon himself to make a representation to the defendant, upon the faith of which the defendant acted, and that therefore the plaintiff was bound though his mistake was perfectly innocent. (*Ainslie vs. Medleycott*, 9 Ves. Jr., 21).

Counsel also contends that the alleged misrepresentation

amounts to fraud and therefore that the contract was avoided, and that as an action could be maintained for such misrepresentation, the same matters could be pleaded in defense.

These appear to us to be substantially the grounds relied upon by the defendant.

We think the grounds relied upon by the defendant in defense of this action are not tenable, and consequently that the presiding Judge was right in declining to allow the evidence to go to the jury for the purpose requested.

Undoubtedly fraud will vitiate all contracts, but if the defendant insists on fraud as a defense to a bill or note, he must altogether repudiate the contract and retain no benefit under it.

We think the evidence given at the trial shows the contrary.

The exceptions are therefore overruled with costs, and judgment must be entered for the plaintiff.

The parties having stipulated that another case pending between the same parties on a similar cause of action (L. 2306) should depend upon the result of this case:

Judgment therein must also be entered for the plaintiff.

*W. A. Kinney*, for plaintiff.

*L. A. Thurston*, for defendant.

